**R. P. Lamont, Trustee, Defendant in Error, v. United States Reduction Company, Plaintiff in Error.**

**Gen. No. 20,064. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed February 4, 1915.

### Statement of the Case.

Action by R. P. Lamont, as trustee, against United States Reduction Company, a corporation, for rent under a written lease. From a judgment for $207.88 against defendant in favor of plaintiff, defendant brings error.

On March 14, 1911, plaintiff leased the defendant space in a building known as the Western Electric Building, located at 410 South Clinton Street, in the city of Chicago, for a period of two years from May 1, 1911, at a rental of $100 per month. A written lease was executed to evidence the agreement between the parties; it was negotiated through Alexander Friend, a member of the firm of Alexander Friend & Company, real estate agents. About the end of March or the beginning of April,—at least, prior to the beginning of the term of the written lease entered into between the parties—defendant discovered it needed more space. Defendant contended that because of this fact, the president and secretary (Henry Lindenberger and Leo Wenk, respectively) of defendant called at the office of Alexander Friend & Company, the renting agents of plaintiff, and took up with Mr. Alexander Friend the question of securing additional space. Both Mr. Lindenberger and Mr. Wenk testified that after having arrived at an agreement as to the exact character of the additional space to be added to what had already been rented under the written lease, Mr. Lindenberger stated to Mr. Friend that he would be willing to take the original space and the new space for a term of one year, at a monthly rental of $125; that Mr. Friend replied that it was immaterial whether he made a lease for one or five years, and agreed that defendant should have the entire space for one year at a rental of $125 per month; that thereupon Mr. Wenk, who had the written lease with him, handed it to Mr. Friend; that Mr. Friend took it and said: "I will mail you a new lease for a period of one year."

Mr. Friend, a witness on behalf of the plaintiff, testified that at the time the additional space was discussed, he did not remember Mr. Lindenberger being present; he stated positively, however, that he did not discuss the question with Lindenberger or state to him that he could have a lease for the old space and the additional

space at a rental of $125 per month for one year, but stated that he did have an interview with Mr. Wenk on this subject; that after discussing the question of space, it was agreed that the rental of the original space and the new was to be $125 per month, and that the term of rental should be for the same period as the written lease, namely, two years, in other words, that it was merely adding $25 to the written lease for the additional space not included in the written lease; and that he was to prepare a new lease for a term of two years, for the new arrangement, upon the delivery of which the written lease would be taken up; he futhermore denied that Wenk at any time surrendered the old lease to him, or that defendant's copy ever came into his possession; that no new lease, however, was actually drawn; defendant took possession of the original space provided under the written lease and the additional space, on May 1, 1911, and continued in actual physical possession thereof until April 30, 1912, paying during said year the sum of $125 per month rent.

Defendant contended that the check in payment of the last month's rent contained the words "in full of lease expiring April 30, 1912." Two witnesses testified that these words were on the check before it was delivered and accepted by the plaintiff; while two witnesses for the plaintiff, through whose hands the check passed in the course of business of Alexander Friend & Company, denied that these words were on the check when it was received from the defendant.

SILBER, ISAACS, SILBER & WOLEY, for plaintiff in error; MARTIN J. ISAACS and JAMES D. WOLEY, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; JAMES H. WINSTON, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

Lamont v. United States Reduction Co., 191 Ill. App. 446.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 325*—*insufficiency of evidence to show surrender.* In an action for rent under a written lease where defendant claimed that the written lease had been surrendered and canceled and that a new parol agreement had been entered into, the evidence was *held* insufficient to sustain defendant's contention.

2. EVIDENCE, § 476*—*number not determinative of weight of evidence.* The preponderance of the evidence is not necessarily determined by the number of witnesses alone, as the appearance and demeanor of the witnesses on the stand may be taken into consideration.

3. LANDLORD AND TENANT, § 326*—*determination of question as to length of term of parol lease.* A reviewing court will not disturb the finding of the trial court on a question of fact as to whether or not a parol lease was for one or two years, unless it is clearly and manifestly against the weight of the evidence.

4. LANDLORD AND TENANT, § 325*—*sufficiency of evidence to establish parol lease.* A finding of the trial court that parol lease was for two years, *held* not so clearly and manifestly against the weight of evidence as to require its disturbance by an Appellate Court.

5. FRAUDS, STATUTE OF, § 96*—*when part performance of oral lease insufficient at law.* Part performance under a parol lease for two years does not operate, in an action at law, to take the lease out of the Statute of Frauds.

6. LANDLORD AND TENANT, § 452*—*ineffectiveness of parol lease to modify written lease.* A parol lease, invalid under the Statute of Frauds, cannot operate as a waiver, surrender or cancellation of a prior written lease.

7. LANDLORD AND TENANT, § 449*—*what constitutes surrender.* Where a lessee elects to avoid a parol lease, he cannot claim benefit of it as a consideration for the cancellation and surrender of a written lease.

8. LANDLORD AND TENANT, § 452*—*ineffectiveness of executory parol lease to cancel written lease.* Under the contention that a parol lease is not void but only voidable, still it does not become a good consideration for the cancellation of a written lease unless it has been fully executed or put in writing, as contemplated by the agreement.

9. LANDLORD AND TENANT, § 452*—*sufficiency of parol agreement to abrogate written lease.* A lease, even though under seal may be abrogated by parol agreement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.